UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLITE JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-764** |
| **LOUISIANA-I GAMING, A LOUISIANA PARTNERSHIP IN COMMENDAM** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Unopposed Motion to Remand, filed by Willite Jackson.[1] In the Motion, Plaintiff asserts that she filed suit in the 24th Judicial District Court for Jefferson Parish, Louisiana, on February 6, 2025, and that she subsequently sent a settlement demand to the defendants for $95,000 on July 8, 2024.[2] Plaintiff alleges that the defendants, Louisiana-I Gaming, a Louisiana Partnership in Commendam, PENN Entertainment, Inc., Boomtown, LLC, and Pinnacle Entertainment, Inc., removed the matter to this Court based upon that settlement demand. Plaintiff asserts that, upon further review of her case, she has agreed to stipulate that her cause of action does not exceed $75,000, exclusive of interest and costs.[3] As such, Plaintiff asks this Court to remand the matter back to state court.[4] Plaintiff asserts that she has conferred with defense counsel and that there is no opposition to the Motion.[5]

---

[1] R. Doc. 11.
[2] *Id.* at ¶¶ I–II.
[3] *Id.* at ¶¶ III–IV.
[4] *Id.* at ¶ V.
[5] *Id.* at ¶ VI. The Court notes that Louisiana-I Gaming, a Louisiana Partnership in Commendam, is the only remaining defendant in this matter. *See* R. Doc. 10.

I.     LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[6] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[7] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the state court petition.[8] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[9] The removing party has the burden of proving federal diversity jurisdiction.[10] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[11] Remand is proper if at any time the court lacks subject matter jurisdiction.[12]

Having reviewed Plaintiff's Unopposed Motion to Remand and Plaintiff's Stipulation,[13] wherein Plaintiff stipulates that her damages do not exceed $75,000 and that she will not seek nor accept any amount of damages awarded by a judge or

---

[6] 28 U.S.C. § 1441(a).
[7] 28 U.S.C. § 1332(a)-(a)(1).
[8] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[9] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[10] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[11] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *superseded by amendment on other grounds*, Tex. R. Civ. P. 47.
[12] *See,* 28 U.S.C. § 1447(c).
[13] R. Doc. 11-1.

jury that exceeds $75,000, the Court finds that the Stipulation establishes with legal certainty that Plaintiff's claims are for less than $75,000.00. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter must be remanded.

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion to Remand[14] is **GRANTED.** This matter is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, May 14, 2025.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[14] R. Doc. 11.